UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARTIN FERNANDEZ,

    Petitioner,

v.

JORDAN HOLLINGSWORTH,

    Respondent.

Civ. No. 15-7094 (RBK)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Petitioner is a federal prisoner currently incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner claims that there was insufficient evidence to support a disciplinary finding against him that resulted in the removal of a portion of his good conduct time credits. For the following reasons, the habeas petition will be denied.

## II. BACKGROUND

According to the incident report, on July 8, 2014, a cell phone was found in unit 5802 in room 215. An SIS investigation discovered a certain phone number on the cell phone. The number was registered to an individual who was listed as the mother of Petitioner's children. The incident report charged Petitioner with possession, manufacture, or introduction of a hazardous tool (aiding) (Code 108A) and use of a telephone for abuses other than illegal activity (Code 397).

On July 15, 2014, the Disciplinary Committee referred the charges against Petitioner to a Disciplinary Hearing Officer ("DHO"). Petitioner was advised of his rights in preparation for the

DHO hearing and declined to have a staff representative or to call witnesses. Petitioner stated that he "gave his phone number to another inmate but did not expect the inmate to call his number until they were released." (Dkt. No. 7-1 at p. 19.)

On August 1, 2014, a DHO hearing was held. Petitioner did not request a staff representative and did not request witnesses. At the hearing, Petitioner stated, "my girlfriend has her number on a flyer and a business card that she gives out. She is a banker and we were trying to help out inmates when they get released. I did not make any calls though." (Dkt. No. 7-1 at p. 26.)

The DHO considered Petitioner's statement, as well as the incident report, photos of the cell phone, including one showing the phone number in question, and a TRUVIEW Inmate Detail Report for Petitioner. Ultimately, the DHO found that Petitioner committed the prohibited act of Code 108A by aiding in the possession of a hazardous tool. The DHO stated:

> The institution submitted into evidence that a cell phone was found in the housing unit where you have resided since 2013. The cell phone number found in the memory of the cell phone is tied only to you through the TRUVIEW system in Fort Dix. In the recent past inmates with contraband cell phones have placed and received calls for other inmate's in return for favors, commissary, and monetary gain. By having calls made or received for you show that you have received a benefit from the contraband cell phone, thus aiding in the use of the cell phone.

(Dkt. No. 7-1 at p. 27.) Petitioner received a sanction of the disallowance of forty days of good conduct time as well as additional restrictions and sanctions.

Petitioner appealed to the Regional Office but his appeal was rejected because he did not sign the form. (Dkt. No. 1 at 4.) Petitioner was granted ten days to resubmit the appeal, including mailing time. (Dkt. No. 1 at 4; Dkt. No. 1-1 at p. 7.) Petitioner attempted to resubmit his appeal, but was unable to do so within the ten-day time limit. The appeal therefore was rejected as untimely. (Dkt. No. 1-1 at p. 12.) Petitioner made further attempts to resubmit his appeal, which

2

were also rejected. Petitioner then appealed to the Central Office, which concurred with the Regional Office and rejected the appeal. (*Id.* at 22.) The Central Office advised Petitioner to submit a staff memo on Bureau of Prisons letterhead stating the reason that Petitioner's untimely filing was not his fault. (*Id.*) Petitioner did not submit such a memo. Petitioner subsequently made additional attempts to appeal the DHO's decision, including submitting an affidavit from another inmate who stated that he made the call to the number found on the cell phone rather than Petitioner. (*See* Dkt. No. 1-1 at pp. 25-33.) These attempts were rejected as untimely.

Petitioner then filed a petition for a writ of habeas corpus pursuant to § 2241 in this Court challenging the administrative appeal procedure employed in his disciplinary proceeding. This Court summarily dismissed the petition for failing to state claim that would entitle Petitioner to habeas relief. *See Fernandez v. Hollingsworth*, Civ. No. 15-3492, 2015 WL 4578433 (D.N.J. Jul. 29, 2015). Petitioner filed the present petition on September 25, 2015, challenging the findings of the DHO. He claims that the evidence was insufficient to support the DHO's decision because, contrary to the DHO's finding, he did not live on the unit in which the phone was found and another inmate later admitted under penalty of perjury that he had made the call in question. Petitioner further argues that the DHO's statement that Petitioner had calls made or received by others for his own benefit is not supported by evidence and is purely speculation.

Respondent filed an answer in opposition to the petition. Petitioner then filed a reply in support of his petition for habeas relief.

### III. DISCUSSION

Petitioner argues that there was insufficient evidence before the DHO to find him guilty of the disciplinary charge. As noted by the United States Court of Appeals for the Third Circuit:

> Federal prisoners serving a term of imprisonment of more than one year have a statutory right to receive credit toward their sentence

> for good conduct. *See* 18 U.S.C. § 3624(b); 28 C.F.R. § 523.20 (2008). When such a statutorily created right exists, "a prisoner has a constitutionally protected liberty interest in good time credit." *Young v. Kann,* 926 F.2d 1396, 1399 (3d Cir. 1991) (citing *Wolff v. McDonnell,* 418 U.S. 539, 556–57, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974))....
>
> [A] prisoner's interest in good time credits "entitle[s] him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated." *Wolff,* 418 U.S. at 557, 94 S. Ct. 2963, 41 L. Ed. 2d 935. "[R]evocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prisoner disciplinary [officer] are supported by some evidence in the record." *Superintendent v. Hill,* 472 U.S. 445, 454, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985) (internal quotation marks and citation omitted). As this court has clarified, the "some evidence standard is a standard of appellate review to be applied by the district court rather than a burden of proof in a prison disciplinary proceeding. *See Brown v. Fauver,* 819 F.2d 395, 399 n. 4 (3d Cir.1987).

*Denny v. Schultz,* 708 F.3d 140, 144 (3d Cir. 2013) (footnote omitted). The "some evidence" "standard is minimal and does not require examination of the entire record, an independent assessment of the credibility of the witnesses, or a weighing of the evidence." *Lang v. Sauers,* 529 F. App'x 121, 123 (3d Cir. 2013) (citing *Thompson v. Owens,* 889 F.2d 500, 502 (3d Cir. 1989)). Instead, "the relevant inquiry asks whether 'there is any evidence in the record that could support the conclusion reached by the disciplinary board.'" *Id.* (quoting *Hill,* 472 U.S. at 455–56).

While the cell phone in question was not found within Petitioner's possession, courts have found that the presence on a cell phone of a number which *only* appears on a particular inmate's approved phone list constitutes "some evidence" that such inmate possessed the cell phone in question. *See Burns v. Hollingsworth*, No. 13-5485, 2014 WL 1117932, at *2 (D.N.J. Mar. 20, 2014) (citing *Ester v. Fed. Bureau of Prisons,* No. 11–319, 2012 WL 3984589, at *4

4

(E.D. Tex. Aug. 14, 2012) (citing *Corpening v. Johns,* No. 11–2057, 2012 WL 3228814 (E.D.N.C. Aug. 6, 2012); *Rizo v. Rios,* No. 11–1009, 2011 WL 2671465 (C.D. Ill. July 8, 2011); *Franco v. Adler,* No. 09–0325, 2011 WL 826256 (E.D. Cal. Mar. 2, 2011), *report and recommendation adopted by,* 2011 WL 1219260 (E.D. Cal. Mar.3 0, 2011); *Marin v. Bauknecht,* No. 07–0165, 2007 WL 3377152 (D.S.C. Nov. 9, 2007)), *report and recommendation adopted by,* 2012 WL 3984571 (E.D. Tex. Sept. 10, 2012); *Briggs v. Quintana,* No. 13–0330, 2014 WL 320591, at *5 (E.D. Ky. Jan. 29, 2014) (finding "some evidence" where "the fact that the telephone number dialed from the cell phone found in the ice machine belonged to Briggs' sister; and the fact that this very same telephone number was on Briggs' approved phone list and *not* on the approved phone list of any other FCI–McKean inmate") (emphasis in original); *Zebrowski v. Gutierrez,* No. 11–9254, 2013 WL 6709762, at *13 (C.D. Cal. Dec. 11, 2013) ("The federal courts repeatedly have found that evidence of the sort involved here—a cell phone discovered outside of the inmate's immediate presence but containing only evidence tying it to a phone number that appears only on the inmates approved phone list—is sufficient to satisfy the 'some evidence' standard.")).

In *Burns*, this Court found that the DHO's decision met the minimally stringent "some evidence" standard because the phone number found on the cell phone was only on petitioner's approved list and the fact that the petitioner admitted that he recognized the number. *See* 2014 WL 1117932, at *3. Respondent cites to this Court's decision in *Burns* in asserting that the DHO's decision in this case was similarly supported by "some evidence." In *Burns* (and the cases cited by *Burns*), this Court was clear to note that the DHO's decision met the "some evidence" standard because the phone number found on the cell phone was *only* on petitioner's approved list. *See id.* at *3. Here, the DHO also noted that the number found on the cell phone

5

was linked only to Petitioner. (Dkt. No. 7-1 at p. 27.) Petitioner admitted that he recognized the phone number and that it was his girlfriend's number. He further admitted that he gave the number to another inmate. This is sufficient to meet the minimal "some evidence" standard to support the DHO's finding that Petitioner aided in the possession of a hazardous tool. Petitioner therefore has failed to establish that he is entitled to habeas relief.

## IV.     CONCLUSION

For the foregoing reasons, the habeas petition will be denied. An appropriate Order will be entered.


DATED:  May 14, 2018

<u>s/Robert B. Kugler</u>
ROBERT B. KUGLER
United States District Judge